# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **CHARLES HILL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | 8:04CV60 |
| | ) | |
| v. | ) | |
| | ) | |
| **KELLOGG USA, and the KELLOGG** | ) | **ORDER** |
| **COMPANY BAKERY, TOBACCO** | ) | |
| **WORKERS AND GRAIN MILLERS** | ) | |
| **PENSION COMMITTEE,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

      This matter is before the court on plaintiff's motion for leave to file an amended complaint naming the Kellogg Company-Bakery Confectionery, Tobacco Workers and Grain Millers Pension Plan ("Pension Plan") as an additional defendant (#48). Defendants oppose the motion (*see* #52) on grounds of untimeliness, unfair prejudice, and futility.

      Under Fed. R. Civ. P. 15(a), the court may grant a motion to amend the complaint "when justice so requires." The court does not abuse its discretion by denying leave to amend where there is "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ..., futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

      In this case, after attempts to settle this case proved unsuccessful, the parties stipulated to a final progression schedule in lieu of providing a Rule 26(f) report. Their proposed schedule, which was adopted by the court (*see* #17 & #18), did not include any deadline for adding parties or amending the pleadings. Discovery closes on July 21, 2005 (*see* #42), the final pretrial conference is set for August 25, 2005, and a consolidated trial is set for the week of September 6, 2005. The companion case, 8:02CV436, has been pending for nearly three years.

      The defendants point out that they notified plaintiff over one year ago of their position that plaintiff had named improper defendants in this case, but plaintiff did not seek to add parties until June 24, 2005, and only after defendants filed their pending motion for summary judgment. While plaintiff opines that the defendants will not suffer any prejudice if the

amendment is allowed, "the perception of prejudice, like beauty, is largely in the eyes of the beholder." *Lugino's, Inc. v. Pezrow Companies, Inc.*, 178 F.R.D. 523, 525 (D. Minn. 1998). As in *Lugino's, Inc.*, the defendants in the case at bar "can legitimately complain that the untimely filing of the Plaintiff's Motion, at a time when discovery is essentially completed, either denies the Defendants an opportunity to fully explore the dimensions of the proposed claim, or requires a further delay in the scheduling of a Trial, as discovery on that issue ensues." *Id.*

Simply, there is no reason why the plaintiff could not have filed this motion much earlier in the litigation. The basis for the motion was known as early as April 9, 2004, when defendants filed their Answer (#9) raising the issue as an affirmative defense. This defense has never been withdrawn.

Under the circumstances, I find that the plaintiff's motion was not timely filed and that amending the complaint at this late stage would be unfairly prejudicial to the defendants.

**IT IS ORDERED** that plaintiff's Motion for Leave to File Amended Complaint (#48) is denied.

Pursuant to NECivR 72.2, a party may appeal this order by filing a "Statement of Appeal of Magistrate Judge's Order" within ten (10) days after being served with the order. The party shall specifically state the order or portion thereof appealed from and the basis of the appeal. The appealing party shall file contemporaneously with the statement of appeal a brief setting forth the party's arguments that the magistrate judge's order is clearly erroneous or contrary to law.

**DATED July 15, 2005.**

                **BY THE COURT:**

                **s/ F.A. Gossett**
                **United States Magistrate Judge**